**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                          |   |                        |
|--------------------------|---|------------------------|
|                          | * |                        |
| **ERNEST AUBER, ET AL.,**| * |                        |
|                          | * |                        |
| Plaintiffs,              | * |                        |
|                          | * | Case No.: RWT 08cv135  |
| v.                       | * |                        |
|                          | * |                        |
| **PAUL CALLAHAN, ET AL.,** | * |                      |
|                          | * |                        |
| Defendants.              | * |                        |
|                          | * |                        |

**MEMORANDUM OPINION**

On January 15, 2008, seven <u>pro se</u> litigants filed a complaint seeking more than

$36,000,000 from Paul Callahan and Robert Tucker (collectively, "Defendants"), two individual

employees of FedEx Ground Package System, Inc. ("Fed Ex Ground"), based on their apparent

dissatisfaction with "FedEx Ground."  On February 27, 2009, the Court dismissed the "almost

unintelligible" and "almost undecipherable complaint" because it failed to state a claim as

required by Federal Rule of Civil Procedure 8(a).  Nonetheless, the Court granted the litigants 30

days to file an amended complaint complying with Rule 8(a).  Two of the plaintiffs, Sean Avery

and Blake-Anthony Taylor, filed an Amended Complaint on March 19, 2009.  Defendants have

moved to dismiss the Amended Complaint.

Like the previously dismissed Complaint, the Avery and Taylor Amended Complaint

falls short of the liberal pleading standard established by Rule 8(a).  Plaintiffs Avery and Taylor

continue to assert a hostile work environment claim under Title VII of the Civil Rights Act of

1964 against Defendants, who are not employers, without alleging sufficient facts to establish the

existence of a hostile work environment.  They also re-assert claims of fraud without alleging

any false representation of material fact by either Defendant.  The other claims, which include

"Illegal Surveillance/ Detention" and "Truth in Lending Violations," are not viable causes of action either. In fact, the main identifiable difference between the original Complaint and the Amended Complaint is the addition of "FedEx Ground" as a party. "FedEx Ground," however, is not a legally recognized entity, and its addition does not cure the defects in the original complaint. Accordingly, the Court will grant Defendants' motion to dismiss the Avery and Taylor Amended Complaint.

Defendants also seek reconsideration of the Court's April 14, 2009 Order, granting the Motion for Voluntary Dismissal Without Prejudice filed by Plaintiffs Robert Afari-Minta, Patrick Kumchu, and John Stevenson. They argue that allowing Plaintiffs to voluntarily dismiss their Complaint without prejudice would be unfair and unduly prejudicial to Defendants, who were required to expend significant resources to defend against Plaintiffs' "almost unintelligible" and "almost undecipherable" claim. (Defs.' Mot. 2.)

The Court agrees. In its February 27, 2009 Order, the Court warned Plaintiffs that if the litigants failed to file an amended complaint, it would dismiss their original Complaint with prejudice. Plaintiffs Afari-Minta, Kumchu, and Stevenson sought and received a 10-day extension in which to file an amended complaint, which gave them until April 14, 2009. Instead of filing an amended complaint on April 14, 2009, they filed a motion for voluntary dismissal without prejudice, which the Court approved. Upon reconsideration, the Court determines that dismissal with prejudice is appropriate so as not to expose Defendants to still further groundless litigation. Accordingly, the Court will grant Defendant's motion for reconsideration and dismiss with prejudice the original Complaint as to Plaintiffs Afari-Minta, Kumchu, and Stevenson.[1]

---

[1] In addition, because Plaintiff Clifford Ball also has not filed an amended complaint within the 30-day time period established by the Court's February 27, 2009 Order, the Court will, by separate order, dismiss with prejudice the original complaint with respect to him. The

For the foregoing reasons, the Court will, by separate order, grant both Defendants'

Motion To Dismiss [Paper No. 41] and Defendants' Motion for Reconsideration of Order

Granting Plaintiffs Afari-Minta, Kumchu, and Stevenson's Motion for Voluntary Dismissal

Without Prejudice [Paper No. 48].


October 22, 2009


_/s/_
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

only other plaintiff, Ernest Auber, moved the Court to voluntarily dismiss without prejudice the
Complaint on July 1, 2008, which the Court granted on February 27, 2009.